UNITED STATES of America, Plaintiff,

v.

Gary VANDROVEC, Defendant.

Cr. No. C3–85–9.

United States District Court,
D. North Dakota,
Southeastern Division.

May 11, 1987.

See also, Bkrtcy., 61 B.R. 191.

Rodney S. Webb, U.S. Atty., Fargo, N.D., for plaintiff.

William Kirschner, Lowell Bottrell, Fargo, N.D., for defendant.

## ORDER

BENSON, Senior District Judge.

The only issue before the court in the above captioned matter relates to a court order entered following a hearing on a probation officer's petition for guidance on the issue of defendant's restitution obligation. A review of the history of the case will contribute to an understanding of the issue.

On June 13, 1985, a judgment of conviction on a one count violation of 15 U.S.C. § 714m(c) was entered against defendant. Imposition of sentence of imprisonment was suspended and defendant was placed on probation for a period of two years. As a part of the judgment, defendant was ordered to pay $9,752.40 restitution pursuant to 18 U.S.C. § 3579. The conviction arose out of defendant's conversion of grain mortgaged to the Commodity Credit Corporation. Defendant was represented by counsel and entered a plea of guilty pursuant to a plea agreement approved by the court. The plea agreement provided for probation and for payment of restitution. As neither the agreement nor the judgment provided a specified time or specified installments for the payment of the restitution, it should have been paid immediately but it was not. 18 U.S.C. § 3579(f)(3).

Defendant subsequently made partial restitution, but on August 14, 1985, filed for Chapter 7 relief in bankruptcy and listed the remaining obligation on the restitution as a debt. The Commodity Credit Corporation brought an adversary proceeding in bankruptcy court seeking to have the balance of the restitution obligation, in the amount of $3,194.04, declared a nondischargeable debt. On May 23, 1986, the bankruptcy court held the obligation was a dischargeable debt and entered judgment dismissing the Commodity Credit Corporation's adversary complaint. The United States did not appeal.

On March 11, 1987, defendant's supervising probation officer petitioned the district court for a ruling on defendant's restitution obligation. The petition was served on defendant who then filed a motion in bankruptcy court for a temporary injunction restraining the United States Probation Office and the United States Attorney from continuing efforts to enforce defendant's restitution obligation. The bankruptcy court denied the motion for injunctive relief and ruled it was a matter for the district court to determine.

Following a hearing on April 9, 1987, on the probation officer's petition, the district court entered an order on April 10, 1987, holding defendant's restitution obligation under the June 13, 1985, criminal judgment remained in full force and effect as the bankruptcy court was without jurisdiction to grant relief from a criminal judgment of the district court.

Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11. A proceeding which is not a core proceeding but that is otherwise related to a case under title 11 may also be heard by a bankruptcy judge, but in such a case the bankruptcy judge must submit proposed findings of fact and conclusions of law to a district court and a final order and judgment, if entered, must be entered by the district court. 28 U.S.C. § 157.

The bankruptcy judge of this court, relying principally on *In re Robinson*, 776 F.2d 30 (2nd Cir.1985), construed the restitution

requirement imposed on defendant by the criminal judgment of the district court entered on June 13, 1985, to be a debt. *In re Vandrovec,* 61 B.R. 191 (Bkrtcy.D.N.D. 1986). Subsequently *Robinson* was reversed by the Supreme Court of the United States, which stated:

> In light of the established state of the lawthat bankruptcy courts could not discharge criminal judgments—we have serious doubts whether Congress intended to make criminal penalties "debts" within the meaning of § 101(4). But we need not address that question in this case, because we hold that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence.

*Kelly v. Robinson,* —— U.S. ——, 107 S.Ct. 353, 361, 93 L.Ed.2d 216 (1986) (footnote omitted).

From an examination of the restitution provisions incorporated in the Sentencing Reform Act of 1984 (P.L. 98–473) codified at 18 U.S.C. §§ 3551(b), 3556, 3663, and 3664, the effective date of which is November 1, 1987, it appears to the court highly probable that the ultimate determination would be that Congress intended the restitution obligation to be a criminal sanction and not a debt dischargeable in bankruptcy. The act gives the court discretion to make the determination as to whether restitution should be ordered. In making such determination the court is required to consider the financial resources and needs of the defendant along with the earning ability of the defendant. The Congress has further provided that if the defendant is placed on probation and restitution ordered, the restitution shall be a condition of such probation. There is a provision that restitution ordered by the court and paid shall be credited against defendant's civil obligation to the victim. All of this does provide insight into the present intention of Congress. Hindsight would indicate that the bankruptcy court should have treated the Commodity Credit Corporation adversary proceeding as a non-core bankruptcy related proceeding and should have referred it to the district court.

The matter is now before this court on the attempt of Defendant Gary J. Vandrovec to take an appeal to the United States Court of Appeals for the Eighth Circuit from the order of this court entered on April 10, 1987, holding that defendant's restitution obligation imposed by the June 13, 1985, judgment remained in full force and effect. Defendant has apparently retained attorneys William Kirschner, of William Kirschner & Associates, and Lowell P. Bottrell, of Crockett & Anderson, to represent him in the matter because they filed a notice of appearance on April 2, 1987, and appeared with defendant at the April 9, 1987, hearing on the probation officer's petition. They subsequently filed the notice of appeal.

■ On defendant's showing of indigency both counsel appear to have made a request to the Court of Appeals for an appointment to represent defendant under the Criminal Justice Act, 18 U.S.C. § 3006A. Although the record is not clear, it appears the circuit court required them to first submit their petition to the district court, which they have done. The request for appointment of counsel under the Criminal Justice Act is denied for the following reasons:

> Attorney Lowell P. Bottrell is not a member of the C.J.A. panel of this court. *See* 18 U.S.C. § 3006A(b).

> There is no provision in the Criminal Justice Act which authorizes the appointment of more than one attorney to represent an indigent criminal defendant, except in a capital case. See 18 U.S.C. § 3005.

> The criminal judgment entered by the court on June 13, 1985, against Gary Vandrovec which placed him on probation and ordered him to pay restitution pursuant to his plea agreement with the United States Attorney was not appealable.

> The defendant is not presently under arrest or charged with a felony or misdemeanor. There have been no proceedings initiated by the supervising probation officer to revoke or modify his pro-

bation, nor has there been a threat of revocation.

There are no collateral proceedings pending before the court to test the continuing validity of the restitution obligation provided in the June 13, 1985, criminal judgment.

The probation officer petitioned for clarification, and the subsequent court hearing and order did not amend or change the provisions of the June 13, 1985, criminal judgment, and is not an appealable order.

IT IS ORDERED defendant's motion for leave to proceed on appeal in forma pauperis and for the appointment of Lowell P. Bottrell and William Kirschner to represent defendant under the Criminal Justice Act on the appeal is frivolous and is denied.